UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BREANNA PUCCIO,<br><br>*Plaintiff*,<br><br>v.<br><br>AMSHER COLLECTION SERVICES, INC.<br><br>*Defendant*. | Case No.<br><br>Judge:<br><br>Magistrate:<br><br>Jury Trial Demanded |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, Breanna Puccio ("Plaintiff"), and for her Complaint against Amsher Collection Services, Inc. ("Defendant") states as follows:

**Introduction *and* Parties**

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (the "FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 et seq. ("ICFA").

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, and 28 U.S.C. §1337.

3. Plaintiff is an individual who at all times material to this Complaint resided in and still does reside in Cook County, State of Illinois. Venue is appropriate in this Court pursuant to 15 U.S.C. § 1692i(a)(2)(B) because Plaintiff resides in Cook County, Illinois.

4. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3), because she is allegedly obligated to pay a consumer debt.

5. Defendant is an Alabama corporation with its principal place of business in Hoover,

Alabama.

6. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), because its principal business is the collection of debts, it uses interstate commerce or the mails to collect said debts, and it regularly collects or attempts to collect debts owed to other parties.

7. At all times relevant hereto, Defendant conducted substantial and continuous business with and has had substantial and continuous contacts with the State of Illinois and the County of Cook. Defendant continues to conduct substantial and continuous business with and still has substantial and continuous contacts with the State of Illinois and the County of Cook.

**Facts**

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9. Plaintiff's alleged debt consists of phone bill deficiencies from an account with Defendant that originated with T-Mobile. This alleged debt, if proven valid, would have arisen out of a transaction entered into primarily for personal, family, or household purposes.

10. On or about May of 2017, Plaintiff switched her cell phone provider from T-Mobile to Sprint.

11. Thereafter T-Mobile, through its collection agency Amsher began calling Plaintiff for an alleged balance due in the amount of $645.56.

12. Plaintiff stated to Defendant that Sprint was to pay off any balance due to T-Mobile. Defendant claimed that Sprint never paid same and that she was still responsible for the debt.

13. After numerous telephone calls between Plaintiff and Defendant wherein she advised

Defendant that she could not afford to pay the claimed amount due since she was a single mother with three young children all living in transient housing, she agreed to pay $100.00 against the claimed amount due.

14. Defendant's agent "Kendall" replied that would be acceptable. Kendall also asked Plaintiff if Defendant could automatically withdraw the $100.00 payment from her bank account since Plaintiff had previously paid the T-Mobile account online and Defendant still had that banking information.

15. Plaintiff advised Defendant's agent Kendall that she could withdraw the $100.00 amount.

16. Defendant immediately thereafter withdrew, without authority, the entire balance Defendant claimed was due from Plaintiff. Specifically, Defendant withdrew an amount of $529.59 from Plaintiff's account without authority.

17. Defendant's unauthorized deduction of the excessive funds from the Plaintiff's account caused Plaintiff's bank account to be virtually wiped out thereby making it impossible for Plaintiff to pay her rent and to purchase groceries and other daily necessities for herself and her three young minor children for the remainder of the month.

18. When Plaintiff advised the Defendant's agent Kendall of what happened, Kendall apologized and stated that the excess funds had been withdrawn in error.

19. Defendant's agent Kendall repeated stated that Defendant "did not operate in this manner" and that they would immediately refund her a $530 Visa gift card and would reduce the claimed debt substantially.

20. Despite Kendall's assurances, Defendant took no steps to rectify its error whatsoever.

21. Plaintiff made numerous telephone calls to Defendant over the next 6-7 weeks, each time

receiving assurances that the refund and debt reduction would take place soon. To this date neither has been done by the Defendant.

22. Each time that Plaintiff spoke with a representative of defendant she was advised that the telephone call was being recorded.

23. This whole ordeal has caused Plaintiff significant emotional distress in the form of frustration, anxiety and loss of sleep, especially given the fact that Defendant's unauthorized actions resulted is her young minor children being directly impacted.

### Defendant's Violation *of the* FDCPA

24. Plaintiff realleges and incorporates by reference all of the previous paragraphs.

25. A single action on the part of a debt collector can violate multiple sections of the FDCPA.

26. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, including, but not limited to the following:

    a. Using false, deceptive, or misleading representations or means in connection with the collection of the alleged debt in violation of 15 U.S.C § 1692e; and employing unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

I. Declaratory judgment that Defendant's conduct violated the FDCPA;

II. Statutory damages, costs, litigation expenses and attorney's fees as permitted by the FDCPA, 15 U.S.C. § 1692k;

III. Release of the alleged debt;

IV. Actual damages; and

V. For such other relief as the Court may deem just and proper.

## Defendant's Violation *of the* ICFA
### *For Both Unfair and Deceptive Conduct*

27. Plaintiff incorporates and realleges paragraphs 1-23.

28. Plaintiff is a consumer as defined under the ICFA.

29. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a debt. In particular:

    i. Defendant's representation it would only deduct $100 from Plaintiff's account was a false and deceptive statement.

    ii. When Defendant withdrew more than $100 from Plaintiff's account and failed to return the unauthorized funds to her account, Defendant engaged in an unfair business practice.

30. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

    **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.**
    **815 ILCS 505/2.**

31. As pled above, Plaintiff was harmed by Defendant's unfair and deceptive practices: Plaintiff's funds were not returned to her and as a result Plaintiff has suffered pecuniary and emotional damages.

    **WHEREFORE**, Plaintiff requests that the Court grant the following relief:

    I. Declaratory judgment that Defendant's conduct violated the ICFA;

    II. Costs, litigation expenses and attorney's fees as permitted by the ICFA;

III. Release of the alleged debt;

IV. Actual damages; and

V. For such other relief as the Court may deem just and proper.

### Demand for Jury Trial

Plaintiff requests a trial by jury, in the United States District Court for the Northern District of Illinois for all forms of relief requested in this Complaint so triable.

Respectfully submitted,

**Zamparo Law Group, P.C.**

By: */s/ Roger Zamparo, Jr.*
Roger Zamparo, Jr.
ARDC #3123737
2300 Barrington Road, Ste. 140
Hoffman Estates, IL 60169
Phone: (224) 875-3202
Facsimile: (312) 276-4950
Email: roger@zamparolaw.com
***Attorneys for Plaintiff***

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.